United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Zisl Taub Edelson,<br><br>     Debtor. | Bankruptcy No. 14-bk-41914<br><br>Chapter 13 |

## MEMORANDUM OPINION ON OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS AND TO DEBTOR'S CHAPTER 13 PLAN

Leonard Loventhal ("Loventhal"), a creditor in the bankruptcy case of Zisl Taub Edelson ("Debtor"), objects to the Debtor's claim of exemptions relating to a beneficial interest in her residence. (Dkt. 32.).  Lovental also objects to confirmation of the Debtor's chapter 13 plan on related grounds, asserting that the beneficial interest should be part of the bankruptcy estate, and that creditors would therefore receive more in a chapter 7 distribution. (Dkt. 69.).  The primary issue raised by both objections is whether the Debtor's beneficial interest in her residence qualifies as a tenancy by the entirety under Illinois law and would thus be unavailable to satisfy the claims of creditors holding claims only against the Debtor.  Loventhal contends that the Debtor and her husband, who initially owned their residence as tenants by the entirety, voluntarily severed the tenancy by the entirety when they transferred the property into a trust.  As discussed below, Loventhal has not shown that the transfer into trust was inconsistent with a tenancy by the entirety under Illinois law.

For the following reasons, both of Loventhal's pending objections will be overruled by separate orders.

### FACTUAL BACKGROUND

The facts relevant to the pending objections are not in dispute.  The following facts are drawn from the parties' stipulation of facts and exhibits filed in connection with Loventhal's objection to the Debtor's claimed exemption. (Dkt. 85.).  No party has

offered, or sought a hearing to offer, additional evidence. Both parties invited the Court to rule based on the stipulated facts, and both thereby impliedly waived the right to offer additional evidence.

The Debtor filed a voluntary petition for bankruptcy relief under chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et al.*, on November 20, 2014. The Debtor is married to Claude J. Edelson ("Claude"), who is not involved in this bankruptcy case. Loventhal is a judgment creditor of the Debtor only and a creditor in this chapter 13 case.

Prior to April 18, 2014, the Debtor and Claude owned their residence commonly known as 2915 W. Farwell Ave., Chicago, IL ("2915 W. Farwell") as tenants by the entirety. On April 18, 2014, the Debtor and Claude executed a deed transferring 2915 W. Farwell to Claude, as trustee of the Claude J. Edelson Revocable Trust Dated January 9, 2011 ("Claude's Trust"). The deed provided that the beneficial interest of said trust was to be held by the Debtor and Claude as tenancy by the entirety.

Claude's Trust is governed by an amended and restated trust agreement, which was also executed on April 18, 2014 (the "Amended Trust Agreement"). Article I of the Amended Trust Agreement identifies Claude as primary trustee and the Debtor as successor trustee; both Claude and the Debtor are the trust's primary beneficiaries. The trust is to be governed by the laws of the State of Illinois.

Article II of the Amended Trust Agreement sets forth a plan of distribution to take effect upon Claude's death; the allocation of trust assets depends on whether the Debtor survives Claude. If the Debtor survives Claude, trust assets are to be separated into specified marital and non-marital shares; the trustee is then instructed to administer these shares separately. The marital share is identified to include property interests that would pass to or for the benefit of the Debtor, as surviving spouse; these assets would then form a separate trust, known as the "Marital Deduction Trust," to be

2

administered by the Debtor, as trustee and beneficiary of the Marital Deduction Trust. The non-marital share—constituting the remaining assets not included in the marital share—would then form a second trust, the "Family Trust," to be administered by the Debtor, as trustee, for the benefit of a class including the Debtor and their children.

Loventhal has timely objected to the Debtor's claimed exemptions and to the Debtor's proposed chapter 13 plan, and the parties have briefed the issues involved in these two objections.

## DISCUSSION

### JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer a proceeding to a bankruptcy judge under 28 U.S.C. § 157, and is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (L), and (O). It seeks to determine the allowance or disallowance of exemptions and confirmation of a plan. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### OBJECTION TO CLAIMED EXEMPTIONS

Loventhal first objects to Debtor's claimed exemption of a beneficial interest in 2915 W. Farwell. (Dkt. 32.).[1] As the party objecting to the Debtor's claimed exemptions, Loventhal carries the burden of establishing that the Debtor's exemptions are not

---

[1] Loventhal's objection was filed before the Debtor listed her interest in 2915 W. Farwell as exempt in her original schedules, in anticipation of the Debtor's claim of exemption. In accordance with the terms of an agreed scheduling order, the Debtor submitted a response to this objection, followed by Loventhal's reply in support of his objection. (Dkts. 45, 50, 52.). The Debtor subsequently amended her schedules to claim her interest in 2915 W. Farwell as exempt. (Dkt. 60.). The parties were then ordered to file supplemental briefs pertaining to the amended claim of exemptions; the parties filed a supplemental response and supplemental reply in accordance with the schedule set forth in this order. (Dkts. 65, 70, 76.).

properly claimed. Fed. R. Bankr. P. 4003(c); *In re Owens*, 269 B.R. 794, 796–97 (Bankr.
N.D. Ill. 2001). Exemption statutes "protect a debtor's fresh start in bankruptcy"; as
such, they are generally construed "liberally in favor of the debtor." *In re McQuaid*, 492
B.R. 514, 516 (Bankr. N.D. Ill. 2013); *see Schwab v. Reilly*, 560 U.S. 770, 791 (2010). "If an
exemption statute can properly be construed in ways that are both favorable and
unfavorable to a debtor, the favorable interpretation should be applied." *McQuaid*, 492
B.R. at 516; *see Matter of Barker*, 768 F.2d 191, 196 (7th Cir. 1985).

The Debtor claims her beneficial interest in 2915 W. Farwell as fully exempt
under Illinois law, made applicable in this case pursuant to 11 U.S.C. § 522(b)(3)(B)
(authorizing exemption of an interest in property held as tenancy in the entirety "to the
extent that such interest . . . is exempt from process under applicable nonbankruptcy
law[.]"). Section 12-112 of the Illinois Code of Civil Procedure, governing enforcement
of judgments, provides in relevant part as follows:

> Any real property, any beneficial interest in a land trust, **or any interest in**
> **real property held in a revocable inter vivos trust or revocable inter**
> **vivos trusts created for estate planning purposes, held in tenancy by the**
> **entirety** shall not be liable to be sold upon judgment entered on or after
> October 1, 1990 against only one of the tenants, except if the property was
> transferred into tenancy by the entirety with the sole intent to avoid the
> payment of debts existing at the time of the transfer beyond the
> transferor's ability to pay those debts as they become due.

735 ILCS 5/12-112 (emphasis added).

Section 1005/1c of the Joint Tenancy Act authorizes property to be held in
tenancy by the entirety and describes the scope of that tenancy as follows:

> Whenever a devise, conveyance, assignment, or other transfer of property,
> including a beneficial interest in a land trust, maintained or intended for
> maintenance as a homestead by both husband and wife together during
> coverture shall be made and the instrument of devise, conveyance,
> assignment, or transfer expressly declares that the devise or conveyance is
> made to tenants by the entirety, or if the beneficial interest in a land trust

4

is to be held as tenants by the entirety, the estate created shall be deemed to be in tenancy by the entirety. **Where the homestead is held in the name or names of a trustee or trustees of a revocable inter vivos trust or of revocable inter vivos trusts made by the settlors of such trust or trusts who are husband and wife, and the husband and wife are the primary beneficiaries of one or both of the trusts so created, and the deed or deeds conveying title to the homestead to the trustee or trustees of the trust or trusts specifically state that the interests of the husband and wife to the homestead property are to be held as tenants by the entirety, the estate created shall be deemed to be a tenancy by the entirety.**

765 ILCS 1005/1c (emphasis added).

Loventhal does not dispute that the Debtor and Claude previously owned their residence as tenants by the entirety; instead, he argues that the Debtor and Claude voluntarily severed the tenancy by the entirety when they transferred their interests into the Claude Trust. (*See* Loventhal's Supplemental Reply, Dkt. 76, at 3.)

Loventhal first argues that the interest currently held by the Debtor does not qualify as a tenancy by the entirety because 765 ILCS 1005/1c requires both husband and wife to be the settlors of the trust holding the property. According to Loventhal, the Claude Trust fails to comply with terms of the statute because the Amended Trust Agreement identifies Claude as the only settlor. Loventhal does not dispute that the transfer of 2915 W. Farwell into the Claude Trust would otherwise comply with the statutory requirements of 765 ILCS 1005/1c that describe a tenancy by the entirety.

Loventhal has offered no precedent in support of his interpretation of 765 ILCS 1005/1c and it is unlikely that Illinois courts would construe terms of the statute in the manner suggested by Loventhal. In instances where the identity of the settlor becomes determinative of the rights of beneficiaries of a trust, courts generally consider the principle that "[t]he person who furnishes the consideration for the creation of a trust is the settlor, even though, in form, the trust is created by another." *Stewart v. Merchants Nat. Bank of Aurora*, 3 Ill. App. 3d 337, 338, 278 N.E.2d 10, 12 (1972) (quoting *Guaranty*

*Trust Co. v. New York Trust Co.*, 297 N.Y. 45, 74 N.E.2d 232 (1947)) (concluding that a

trust beneficiary who funded and ratified the trust was the settlor, notwithstanding

designation of another under the trust instrument, and could therefore modify the term

of the trust); *see In re Estate of Hickey*, 263 Ill. App. 3d 658, 660, 635 N.E.2d 853, 855 (1994)

(concluding that trust assets were not shielded from liability under Illinois statute

requiring reimbursement of state benefits in instances where trust was self-settled,

notwithstanding the fact that trust instrument designated another as settlor); *see also*

George G. Bogert & George T. Bogert, *The Law of Trusts and Trustees*, § 41 (rev. 2d ed.

1984) ("The settlor of an express, private trust is the person who, directly or indirectly,

causes the trust relationship to come into existence . . . . One who furnishes the

consideration necessary to induce another to create a trust is the settlor of the trust

when it is created.").

In this case, the deed transferring 2915 W. Farwell to Claude, as trustee of the

Claude Trust, explicitly identifies the Debtor and Claude (tenants by the entirety before

the transfer) as grantors, and provides that the beneficial interest is to be held by the

grantors as tenancy by the entirety.  There is no reason to conclude that this transfer of

title fails to comply with terms of 765 ILCS 1005/1c solely on the basis that the Claude

Trust designates only Claude as the original settlor.

Loventhal also argues that the distribution of trust assets set forth in the

Amended Trust Agreement is inconsistent with the right of survivorship, contending

that the Debtor's interest should therefore not be construed as one held in tenancy by

the entirety.  However, nothing in the Amended Trust Agreement purports to override

the Debtor's right of survivorship.  The plan of distribution set forth in Article II of the

Amended Trust Agreement is not intended to take effect until Claude's death; nothing

in terms of the trust purports to interfere with the Debtor's right to inherit Claude's

entireties share and the distribution plan designates the marital share in a manner

6

consistent with the Debtor's right of survivorship. The institution of a plan of distribution to take effect thereafter—by establishing the Marital Deduction Trust— does not interfere with her right of survivorship, nor is it inconsistent with terms of 765 ILCS 1005/1c authorizing parties to hold a beneficial interest in tenancy by the entirety.

Further, 765 ILCS 1005/1c sets forth specific events upon which a tenancy by the entirety will terminate, none of which are consistent with Loventhal's contention that the tenancy by the entirety in this case was severed by terms of the Amended Trust Agreement or by the transfer at issue in this case. The pertinent part of the statute as to this issue states as follows:

> Subject to the provisions of paragraph (d) of Section 2 [not relevant here] and unless otherwise assented to in writing by both tenants by the entirety, the estate in tenancy by the entirety so created shall exist only if, and as long as, the tenants are and remain married to each other, and upon the death of either such tenant the survivor shall retain the entire estate; provided that, upon a judgment of dissolution of marriage or of declaration of invalidity of marriage, the estate shall, by operation of law, become a tenancy in common until and unless the court directs otherwise; provided further that the estate shall, by operation of law, become a joint tenancy upon the creation and maintenance by both spouses together of other property as a homestead. A devise, conveyance, assignment, or other transfer to 2 grantees who are not in fact husband and wife that purports to create an estate by the entirety shall be construed as having created an estate in joint tenancy. An estate in tenancy by the entirety may be created notwithstanding the fact that a grantor is or the grantors are also named as a grantee or the grantees in a deed. **No deed, contract for deed, mortgage, or lease of homestead property held in tenancy by the entirety shall be effective unless signed by both tenants. This Section shall not apply to nor operate to change the effect of any devise or conveyance**.

765 ILCS 1005/1c.

The deed transferring 2915 W. Farwell to Claude, as trustee of the Claude Trust, explicitly provided that the beneficial interest of the trust relationship has to be held by

the Debtor and Claude as tenants by the entirety; nothing in the Amended Trust Agreement would override the Debtor's rights under 765 ILCS 1005/1c. Instead, the statute is clear that to the extent that there are terms in the Amended Trust Agreement generally authorizing Claude, as trustee, to dispose of trust property, any disposition of 2915 W. Farwell without the Debtor's authorization would generally be invalid.

None of the cases cited by Loventhal are convincing for purposes of his pending objection to the Debtor's claimed interest. In his supplemental reply, the Debtor cites *In re Werner*, 410 B.R. 797 (2009) for the general proposition that a tenancy by the entirety may be severed; that case, however, concerned avoidance of a transfer of property *into* tenancy by the entirety because the transfer was invalid pursuant to the terms of 735 ILCS 5/12-112. *See Werner*, 410 B.R. at 806. As mentioned before, Loventhal does not argue (nor do the relevant facts suggest) that the Debtor transferred 2915 W. Farwell "into tenancy by the entirety with the sole intent to avoid the payment of debts existing at the time of the transfer," 735 ILCS 5/12-112. Rather, the stipulated record shows that the Debtor and her husband owned 2915 W. Farwell as tenants by the entirety before Loventhal became a judgment creditor of the Debtor. The Debtor has stated that the transfer was made for estate planning purposes and Loventhal has offered no facts or evidence to dispute this.

For these reasons, Loventhal has failed to show that the interest currently held by the Debtor would not qualify as an interest held in tenancy by the entirety under Illinois law. On this basis, the pending objection to the Debtor's claimed interest will be overruled.

## OBJECTION TO PLAN CONFIRMATION

In the second pending matter, Loventhal objects to confirmation of the Debtor's Modified Chapter 13 Plan, dated April 27, 2015. (Dkt. 69.). The Debtor's plan provides for a minimum 10% dividend to all unsecured creditors, including Loventhal, paid over

an initial plan term of 60 months on the basis of the Debtor's projected disposable income. (Dkt. 61.).[2] In objecting to the Debtor's plan, Loventhal asserts that the plan fails to satisfy the confirmation standard set forth in section 1325(a)(4) of the Bankruptcy Code, arguing that 2915 W. Farwell should be part of the estate and creditors would receive more in a chapter 7 distribution.

Bankruptcy Code section 1325(a)(4) requires the Court to consider whether unsecured creditors would fare better in a hypothetical chapter 7 liquidation. Under this provision, the Court must consider whether "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." 11 U.S.C. § 1325(a)(4).

Commencement of a bankruptcy case under any chapter of the Bankruptcy Code creates an estate that automatically includes "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a), and includes "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative." *Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). Notwithstanding this general provision, individual debtors may subsequently remove property from the bankruptcy estate as exempt. 11 U.S.C. § 522(b); *Yonikus*, 996 F.2d at 870. Exempt assets would therefore not be liquidated in a chapter 7 case. Thus, if an asset is deemed exempt, it will not be considered for purposes of determining whether the plan meets the standard set forth in section 1325(a)(4). *In re Allard*, 196 B.R. 402, 416

---

[2] Loventhal filed an objection to the Debtor's previous plan, dated November 24, 2014, raising the same substantive arguments raised in his current objection. (Dkt. 20.). The Debtor filed the current modified plan on April 27, 2015; the current plan provides for a longer commitment period but does not otherwise modify terms of the previous plan. (Dkt. 61.). On May 1, 2015, this Court entered an order to allow the parties to file supplemental briefs in light of the Debtor's modified plan. (Dkt. 67.). Loventhal then filed the pending objection in accordance with the schedule set forth in the Court's prior order. (Dkt. 69.). The Debtor filed a response to this pending objection in accordance with the scheduling order. (Dkt. 77.).

(Bankr. N.D. Ill.) *aff'd sub nom. Great S. Co. v. Allard*, 202 B.R. 938 (N.D. Ill. 1996); *see also Garcia v. Bassel*, 507 B.R. 907, 911 (N.D. Tex. 2014).

The arguments set forth by Loventhal in objecting to confirmation under section 1325(a)(4) have been discussed above in connection with his objection to the claimed exemption of 2915 W. Farwell.  The Debtor's schedules disclose no other significant assets that could enhance the recovery potential of unsecured creditors in a hypothetical chapter 7 case.  Unsecured creditors, therefore, would receive far more under the Debtor's chapter 13 plan than they would receive if the Debtor's estate were liquidated at this point in chapter 7.  Thus, Loventhal's objection may not be sustained on these grounds.

Loventhal also argues that the Debtor's plan should be rejected as not proposed in good faith.  In confirming a chapter 13 plan, the Court must consider whether "the plan has been proposed in good faith . . . ."  11 U.S.C. § 1325(a)(3).  "[T]he good faith inquiry is 'whether the plan could be said to be a sincere effort at repayment, or was instead an effort to thwart repayment.'"  *In re Boyer*, 505 B.R. 833, 834 (Bankr. N.D. Ill. 2014) (*quoting In re Schaitz*, 913 F.2d 452, 454 (7th Cir.1990)).  In support of his objection on good faith grounds, Loventhal argues: (1) that the Debtor's filing of a meritless adversary complaint to recover jewelry that Loventhal had collected prepetition in satisfaction of his judgment evidences bad faith because the Debtor sought this recovery for herself and not her creditors, and; (2) that the transfer of 2915 W. Farwell into the Claude Trust is suggestive of a scheme to frustrate her creditors.  However, these grounds are insufficient to sustain Loventhal's pending objection.

With respect to the first argument, the Debtor's previous conduct in filing of an adversary complaint against Loventhal, which was later voluntarily dismissed, has no bearing on the question of whether the current plan is proposed in good faith. Loventhal's arguments in this respect are without merit.

10

The second argument is also not compelling.  Loventhal's contention that the transfer of 2915 W. Farwell into a trust would constitute a sufficient basis for rejecting the Debtor's current plan is similarly unsupported.  As previously discussed, Loventhal does not dispute that the Debtor and Claude owned their residence as tenants by the entirety before they transferred their interest into a trust.  The transfer itself does not give rise to an inference of bad faith sufficient to sustain Loventhal's objection.

While assessing good faith for purposes of plan confirmation depends on the "totality of the circumstances," the primary question is whether the debtor is "really trying to pay the creditors to the reasonable limit of his ability or is he trying to thwart them?"  *In re Schaitz*, 913 F.2d 452, 453–54 (7th Cir. 1990).  Loventhal has not provided convincing reasons why the Debtor's plan does not constitute a reasonably sincere effort to pay her creditors to the extent she is able to.  The Debtor's plan proposes to pay all of the Debtor's projected disposable income for the applicable commitment period of five years.  Loventhal has not provided a compelling reason why this plan should be rejected.  His objection will not be sustained on this basis.

## CONCLUSION

For the foregoing reasons, Loventhal's objection to the Debtor's claimed exemptions will be overruled; Loventhal's objection to confirmation of the Debtor's chapter 13 plan will also be overruled.   Separate orders, overruling each of the foregoing, will be entered concurrently herewith.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ____ day of July, 2015